**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAWRENCE SHIH, et al. | CASE NO. CV 09-6001 ODW (OPx) |
| Plaintiffs, | |
| vs. | STATEMENT OF DECISION FOLLOWING COURT TRIAL |
| CITY OF CORONA, et al., | |
| Defendants. | |

## I. INTRODUCTION

Petitioners own 25.04 acres of undeveloped real property, formerly a golf course ("Property") in the City of Corona. The current zoning designation of the Property is agricultural A-5, requiring minimum lot sizes of 5 acres per dwelling unit. The City's General Plan designates the Property as LDR (Low Density Residential), which requires a density of 3-6 dwelling units per adjusted gross acre, "accommodates detached single-family homes and is characterized by lots of 7,200 to 10,000 square feet." (Petitioners' Opening Brief "Open. Br." at 4.)

Petitioners filed an application to amend the City's zoning map to change the zoning of the property to R-1-9.6 (allowing for 9,600 sq. ft. lots). Petitioners contend the amendment would make the zoning designation consistent with the City's General Plan, as required by Government Code section 65860. The City[1] denied the application.

---

[1] The Court refers to the Planning Commission and the City Counsel as "the City." The Court also discusses jointly two separate decisions, the Commission's initial denial and the City Counsel's on appeal.

Petitioners now seek a writ of mandate and injunction directing the City to reconsider and approve the zone change application. Petitioners propose to re-zone the Property to R-1-9.6 and request a judicial declaration that the City's denial of their application is void and unenforceable because the denial violates Government Code § 65860. (Open. Br. at 4.) As explained below, the instant petition is **DENIED**.

## II. DISCUSSION

### 1. Legal Standard

Zoning is a legislative act. *Arnel Dev. Co. v. City of Costa Mesa*, 28 Cal.3d 511, 514 (1980). A legislative act is presumed valid. *Federation of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1195 (2004). To overcome the presumption of validity, a petitioner must produce evidence "compelling the conclusion that the [action] is, as a matter of law, unreasonable and invalid." *Corona-Norco Unified Sch. Dist.*, 17 Cal. App. 4th at 993 ("There is also a presumption that the board ascertained the existence of necessary facts to support its action, and that the 'necessary facts' are those required by the applicable standards which guided the board.") (citing *Orinda Homeowners Committee v. Bd. of Supervisors of Contra Costa County*, 11 Cal. App. 3d 768, 775 (1970)). The agency "must be allowed to weigh and balance the plan's policies when applying them, and it has broad discretion to construe its policies in light of the plan's purposes ..." *Eureka Citizens for Responsible Government v. City of Eureka*, 147 Cal. App. 4th 357, 374 (2007) ("a reviewing court's role is simply to decide whether the public officials considered the applicable policies and the extent to which the proposed project conforms with those policies").

Mandamus review is limited to whether the subject action was arbitrary, capricious or entirely lacking in evidentiary support. *Corona-Norco Unified Sch. Dist. v. City of Corona*, 17 Cal. App. 4th 985, 992 (1993); *see also Las Virgenes Homeowners Federation, Inc. v. County of Los Angeles*, 177 Cal. App. 3d 300, 305 (1986).

### 2. The Petition for Writ of Mandate

It bears emphasizing at the outset that the Court's review is quite limited. *See*, *e.g.*, *Stauffer Chemical Co. v. Air Resources Board*, 128 Cal. App. 3d 789, 794-95 (1982) ("Such limited judicial review forecloses inquiry as to the agency's reasons for its legislative action. So long as a reasonable basis for such action exists, the motivating factors considered in reaching the decision are immaterial [citation] and supportive findings are not required."). And, Petitioners' burden is inversely great, requiring evidence "compelling the conclusion that the [action] is, as a matter of law, unreasonable and invalid." *Corona-Norco Unified Sch. Dist.*, 17 Cal. App. 4th at 993. Both considerations guide and underlie the Court's disposition.

The Court declines Petitioners' invitation to review the agency's action by scrutinizing every stated reason underlying its decision. *See Stauffer Chemical Co.*, 128 Cal. App. 3d at 794-95. That exercise is improper, unnecessary and, as Petitioners' papers demonstrate, rather inconclusive. Instead, in concluding that Petitioners failed to meet their burden, the Court will briefly address some of Petitioners' arguments.

We begin with Petitioners' contention that the "City cannot advise Petitioners that a concept proposal is required only for a tentative tract map application and then deny the application for a zone change on the basis that the application did not include the concept plan." (Reply at 10) (citing AR 0026-0027). The evidence cited by Petitioners does not bolster their argument, however; it undercuts it. After listing the different studies required with a Tentative Tract Map application, which Petitioners chose not to file, the City's communication explained:

> It is understood that the applicant may wish to proceed with the Change of Zone application without the submission of a conceptual development. If this is the case the studies prescribed above shall be prepared utilizing the maximum density allowed by the General Plan. However, if the applicant desires to proceed without any of the studies prescribed above, there would not be sufficient foundation for a favorable recommendation by city staff.

(AR 0027.) Petitioners cannot thus argue they were misled as to what information is needed, or that the City based its denial on factors irrelevant to a "simple zone change."

The Court's role again "is simply to decide whether the public officials considered the applicable policies and the extent to which the proposed project conforms with those policies." *City of Eureka*, 147 Cal. App. 4th at 374. It is beyond dispute that the agency considered the applicable policies. Indeed, Petitioners' disagreement is with the agency's application of those very policies. But, not only must the agency "be allowed to weigh and balance the plan's policies when applying them," but it also "has broad discretion to construe its policies in light of the plan's purposes ." *Id.* at 374. In exercising its discretion, the City noted that, "although [Petitioners' application] is consistent with the density allowed by the [C]ity's LDR General Plan designation," other factors militate against granting the application. (AR 0286.) The Court will not follow Petitioners' lead of dissecting those factors; the Court need merely discern a reasonable basis for the City's action. *Stauffer Chem. Co.*, 128 Cal. App. 3d at 794-95.[2]

To that end, the City found that the "findings necessary to grant [the Application] . . . were not satisfied based on all oral and written evidence presented to the Planning Commission at the Hearing." (AR 270.) Petitioners neither refute such finding, with the exception of the "concept proposal" objection discussed above, nor can Petitioners argue that the City's finding is insufficient. *See Stauffer Chem. Co.*, 128 Cal. App. 3d at 794-95. The City also found that granting the zone change would have a negative impact on public safety by "directly affecting emergency response" to any future development, and that the application failed to demonstrate that the new R-1-9.6 zone, upon future development, would "be compatible with the natural topography of [the Property], which consists of a substantial drainage course along the easterly boundary." (Opp'n at 13-14) (citing AR 272-273). As discussed above, the Court rejects Petitioners' argument that such considerations should be reserved for a future subdivision application and that the City is precluded from relying on such grounds in denying the application.

---

[2] It bears noting here that Petitioners' methodical analysis of the City's stated reasons is selectively technical, pointing out provisions in the General Plan with which a given a rationale conflicts, but failing to account for other, harmonious provisions.

4

The Administrative Record also "includes extensive, adamant written opposition, as well as vociferous vocal opposition from the community, at each legislative stage." (Opp'n at 9) (citing AR 259-269; 311-336; 339-412; 418-422; 424-425; 450-451). Importantly, much of the criticism echoes the concerns expressed by the City; namely, regular and emergency ingress and egress from the area, preservation of open space and other concerns about future development. (Opp'n at 9.) "The community has spoken loud and clear that they absolutely do not want this project, with specific and articulated reasoning that transcends mere NIMBY-ism." (Id.) "[T]he opposition of neighbors to a development project is also a legitimate factor in legislative [decision-making]."(Id. at 15) (quoting *Dore v. County of Ventura*, 23 Cal. App. 4th 320, 330 (1994)).

A final consideration regards Petitioners' semi-circular argument that, because the current zoning of the Property is arguably inconsistent with the General Plan, the City was required to grant the application (so as to allegedly achieve consistency with the General Plan), and that the City's failure to do so violates Government Code section 65860. The Court finds this proposition problematic for several reasons.

First, assuming the City's zoning designation is inconsistent with its General Plan, such inconsistency predates Petitioners' application and was not caused by the subsequent denial. Second, Petitioners have not shown that the City was *required* to grant their application in order to achieve consistency between the Property's zoning designation and the City's General Plan. Surely the City cannot be forced to grant such an application, irrespective of its actual propriety. And finally, to the extent the City violated Government Code section 65860, the violation was not the City's denial of Petitioners' application but rather the City's inconsistent designation. In other words, Petitioners have not demonstrated that the City's failure to remedy the inconsistency is itself a violation of Government Code section 65860.

### III. CONCLUSION

Based on the entire record, Petitioners have not met their burden of showing that the City's denial of their application was arbitrary, capricious or entirely lacking in evidentiary support. Petitioners have also failed to demonstrate that the City's alleged violation of Government Code section 65860 entitles them to the requested relief. For the foregoing reasons (among others), therefore, the instant petition is **DENIED**.

**SO ORDERED**

DATED: March 10, 2011

_____
Hon. Otis D. Wright II
United States District Judge